

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROXINE T. KEMP, as personal )
representative of the estate )
of Kenneth E. Kemp, deceased, )
and DAROLD SWANSON, as personal )
representative of the estate )
of Kyle R. Swanson, deceased, )
 )
        Plaintiffs, )
 )
v. ) No. 04 C 0160
 )
WESTERN OILFIELDS SUPPLY )
COMPANY, a California )
corporation, SCOTT T. JANATA, )
JAMES HODOUS, GARY MITCHELL, )
and CHRISTOPHER B. RADAN, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This case involves claims on behalf of the estates of two decedents who died when a trailer came loose from the tractor-truck that was pulling it on an interstate highway. The trailer crossed the median and collided with two separate vehicles in which the decedents were driving. Defendant Western Oilfields Supply Company owned the trailer. Defendant Scott Janata, a

Western Oilfields employee, was driving the tractor-truck. Presently pending is Western Oilfields'[1] motion for summary judgment as to <u>res ipsa loquitor</u> counts that are contained in plaintiffs' Amended Complaint.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. <u>Turner v. J.V.D.B. & Associates, Inc.</u>, 330 F.3d 991, 994-95 (7th Cir. 2003); <u>Palmer v. Marion County</u>, 327 F.3d 588, 592 (7th Cir. 2003); <u>Abrams v. Walker</u>, 307 F.3d 650, 653-54 (7th Cir. 2002). The burden of establishing a lack of any genuine issue of material fact rests on the movant. <u>Outlaw v. Newkirk</u>, 259 F.3d 833, 837 (7th Cir. 2001); <u>Wollin v. Gondert</u>, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which he or she will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Binz v. Brandt Construction Co.</u>, 301 F.3d 529, 532 (7th Cir. 2002); <u>Traylor v. Brown</u>, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. <u>Celotex</u>, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in

---

[1] Although the motion is captioned as being brought by defendant<u>s</u>, it only concerns counts that are brought against Western Oilfields.

light of the entire record. See NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505,

> 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

For purposes of the pending motion for summary judgment, the following facts are uncontested.[2] Western Oilfields supplies rental equipment, including water equipment. Defendants Janata, James Hodous, Gary Mitchell, and Christopher Radan are employees of Western Oilfields. Janata is one of Western Oilfields' drivers. Janata delivers rental equipment to a customer, who then retains control of the equipment until it is returned.

On March 10, 2003, Hodous and Janata hooked a water wagon trailer to a tractor-truck. The trailer was to be delivered from Western Oilfields' Naperville facility to a customer in Iowa. When hooking up the trailer, Hodous and Janata inspected the tow bar by looking at the tops and side of it. They saw that the bolts holding the tow bar to the trailer were intact. They did not examine the underside of the tow bar. On March 13, Janata

---

[2]Since Western Oilfields did not provide a response to plaintiffs' Local Rule 56.1(b)(3)(B) statement of additional facts, the facts contained therein are deemed admitted. See Loc. R. 56.1(a) (last ¶); Grant v. Kimura Denyoki, Ltd., 2005 WL 563099 *1 n.1 (N.D. Ill. March 8, 2005); Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1139 (7th Cir. 1997).

again inspected the tow bar and trailer, including the connection to the tractor-truck and that safety chains were attached to the tractor-truck and tow bar. Again, he did not inspect the underside of the tow bar.

Approximately 9:55 a.m. on March 13, 2000, Janata was driving westbound on Interstate 80 in Iowa when he saw the trailer he had been pulling cross the median and hit something in the eastbound lanes. Plaintiffs' decedents, who were in the eastbound lanes, were killed. It is undisputed that the tow bar had completely fractured just behind the point where the safety chains were affixed. The front portion of the tow bar remained attached to the tractor-trailer.

Post-crash analysis shows that, prior to March 13, 2000, a fatigue crack existed in the tow bar that went across the entire bottom half of the tow bar and part way up its sides. The amount of rust on the crack supports that the initial crack had existed for several months or more prior to the accident. The analysis supports that the crack was in part caused by fatigue and in part caused by overload. The overload fracture was near two quarter-size holes in the tow bar that were left when a handle had broken off. Hodous and Janata had seen these holes during their March 10 inspection of the tow bar.

Western Oilfields had placed a sign on the trailer stating it was for "off road use only." The California special vehicle license for the trailer had been obtained based on a license application that stated the trailer was to be "used on

highway construction sites, only incidental highway use." Nevertheless, the trailer had been towed on highways on a number of occasions. The March 13 trip would have been 450 miles if it had been completed.

Western Oilfields maintains its own vehicles. Its practice with the trailer in question was to inspect it prior to delivery and again at the customer's premises when being returned. Tow bars were to be inspected for cracks. Prior to March 13, 2000, the trailer had been rented from February 28 to March 3, 2000. Thereafter, Western Oilfields had exclusive control of the trailer. From November 19, 1999 until March 13, 2000, the trailer had been rented out a total of 39 days. This included three separate rentals. Prior to the March 10, 2000 inspection, there should have been six separate inspections by Western Oilfields' employees, that is prior to each rental period and each time the trailer was returned.

Plaintiffs' expert witness Robert Coulter has testified that a post-crash examination of the tow bar shows that the trailer came loose because, prior to the incident, a crack existed in the tow bar that would have been evident had Janata and Hodous properly inspected the tow bar. Plaintiffs' expert Glen Swanson has testified that the trailer had been in an unsafe condition because the safety chains were mounted to a defective tongue and were not properly secured to the frame of the trailer. Both experts have stated in supplemental letters that a trailer

ordinarily does not break away from its towing vehicle absent negligence, that is a failure to exercise reasonable care.

Res ipsa loquitor is not actually a separate claim, but a type of circumstantial evidence which allows the inference of negligence when the plaintiff does not know the exact causes of the injury. Collins v. Superior Air-Ground Ambulance Service, Inc., 338 Ill. App. 3d 812, 789 N.E.2d 394, 397 (1st Dist.), appeal denied, 205 Ill. 2d 578, 803 N.E.2d 480 (2003); Menard, Inc. v. Countryside Industries, Inc., 2004 WL 1336380 *5 (N.D. Ill. June 14, 2004). The doctrine may apply in situations in which a plaintiff is injured (1) under circumstances that would not have occurred absent negligence and (2) the thing causing the injury was under the exclusive control of the defendant. Collins, 789 N.E.2d at 397 (quoting Gatlin v. Ruder, 137 Ill. 2d 284, 560 N.E.2d 586, 590 (1990) (quoting Spidle v. Steward, 79 Ill. 2d 1, 402 N.E.2d 216, 218 (1980))); Menard, 2004 WL 1336380 at *5. "The requisite degree of control needed to succeed on a theory of res ipsa loquitur is not a rigid standard, and 'the key question is whether the probable cause is one which defendant was under a duty to the plaintiff to anticipate or guard against.'" Id. (quoting Lynch v. Precision Machine Shop, 93 Ill. 2d 266, 443 N.E.2d 569, 573 (Ill. 1982)).

Western Oilfields contends res ipsa cannot possibly apply to this case because plaintiffs have evidence supporting that particular negligence caused the separation of the trailer from the tractor-truck. Western Oilfields, however, is not conceding

that plaintiffs' evidence is **undisputed**. Under Illinois law, a plaintiff may pursue both a **negligence** and res ipsa theory as long as the evidence would **support the** factfinder applying the res ipsa inference. <u>Adams v. **Family** Planning Associates Medical Group, Inc.</u>, 315 Ill. App. 3d 533, 733 N.E.2d 766, 776 (1st Dist. 2000), <u>appeal denied</u>, 193 Ill. 2d 583, 744 N.E.2d 283 (2001) (quoting <u>Kolakowski v. Voris</u>, 83 **Ill.** 2d 388, 415 N.E.2d 397, 401-02 (1980)); <u>Bart v. Union Oil Co. of California</u>, 185 Ill. App. 3d 64, 540 N.E.2d 770, 775 (3d Dist.), <u>appeal denied</u>, 128 Ill. 2d 661, 548 N.E.2d 1066 (1989); <u>Belknap v. Ford Motor Co.</u>, 2003 WL 21781890 (N.D. Ill. July 31, 2003). See, e.g., <u>Dillon v. Evanston Hospital</u>, 199 Ill. 2d 483, 771 N.E.2d 357, 363-64 (2002); <u>Menard</u>, 2004 WL 133680 at *5-6. Contrary to Western Oilfields' contention, this **principle** is not limited to medical malpractice cases or cases in which there is no claim or evidence of specific negligence. See <u>Bart</u>, 540 N.E.2d at 775.

However, under the **circumstances** of the present case, it would be inappropriate to **instruct** the jury as to <u>res ipsa</u>. For present purposes, it may be **assumed** that the evidence is sufficient to support that a **trailer** ordinarily does not break away from the towing vehicle **absent** negligence. As possible negligence in this case, **plaintiffs** point to evidence of deficient inspection, defectively attached safety chains, overloading the tow bar by pulling the trailer on the highway, and holes in the tow bar that may have contributed to deterioration. Plaintiffs' evidence is that the defective

condition existed prior to the next previous rental that ended March 3, 2000. Prior to March 4, 2000, the trailer was not in the exclusive control of Western Oilfields. Therefore, it cannot be assumed that Western Oilfields was responsible for any negligent overloading or other negligent damage to the tow bar that may have occurred prior to March 4. Plaintiffs do not adequately explain how, applying the res ipsa inference, the jury would be able to determine that the inferred negligence occurred while the trailer was in the control of Western Oilfields.

Plaintiffs do point out that the trailer was in Western Oilfields' exclusive control after March 3, 2000. They also point out that Western Oilfields had an adequate opportunity to inspect the trailer between March 3, 2000 and the accident. The res ipsa inference, however, cannot be based solely on a negligent inspection. As previously discussed, the negligence, that under the res ipsa doctrine would be presumed to have caused the trailer to break away, could have instead been damage to the tow bar that occurred prior to March 3. Additionally, there will be particularized evidence regarding whether a reasonable (that is, non-negligent) inspection would have revealed a problem with the tow bar. In this case, the possibility of a negligent inspection is not an appropriate basis for giving a res ipsa instruction. Cf. Daly v. Carmean, 210 Ill. App. 3d 19, 568 N.E.2d 955, 959-60 (4th Dist.) (appeal denied, 141 Ill. 2d 538, 580 N.E.2d 110 (1991) (where the medical procedures that were actually performed were known and it was undisputed as to what

the appropriate medical procedure would have been, it would have been inappropriate to also give a <u>res ipsa</u> instruction).

Based on the facts presently before the court, plaintiffs would not be entitled to a <u>res ipsa</u> instruction at trial. Counts 2 and 7 of the Amended Complaint will be dismissed without prejudice to plaintiff's right to move for reinstatement if the evidence at trial is shown to support such a motion. The next step in this litigation is to prepare and submit the proposed final pretrial order.

IT IS THEREFORE ORDERED that defendants' motion to dismiss/for summary judgment [14] is granted. Counts 2 and 7 of plaintiffs' amended complaint are dismissed without prejudice. Within 10 days, defendants shall answer the remaining allegations of the amended complaint. In open court on May 4, 2005 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Forms 16.1.1 and 16.1.2.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: MARCH 24, 2005